```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ENTRAL GROUP INTERNATIONAL, LLC,        :
                                        :
                 Plaintiff,             :
                                        :                ORDER
        - against -                     :
                                        :                05 CV 1911 (JG)
7 DAY CAFÉ & BAR INC., CHUN HON         :
CHAN, and YU YIP,                       :
                                        :
                 Defendants.            :
----------------------------------------------------------------- X
```

JOHN GLEESON, United States District Judge:

    On October 25, 2006, I ordered supplemental briefing on two issues relating to Judge Pollak's Report and Recommendation ("R&R") of September 29, 2006, as amended on October 23, 2006.

    On the first issue, I am now satisfied that the recommended award of statutory damages in this case was not clearly erroneous or contrary to law. In fashioning the recommended amount, Judge Pollak considered the evident wilfulness of the infringements at issue and the need to penalize future choices to infringe the plaintiff's copyrights. Both considerations merit a figure beyond the statutory benchmark of double the amount of actual damages.

    The problem lies with the initial calculation of actual damages, which would overcompensate the plaintiff for the two infringements it proved to the satisfaction of the magistrate judge. *See* R&R at 17 ("[Plaintiff] has not submitted any evidence in support of its claim that 7 Day Café infringed on other Works besides the two infringements witnessed by Mr. Chai."). The licensing fee used to approximate the plaintiff's market loss yields rights to an entire catalog of over 7,500 works. Decl. of Nicolas Chai ¶ 31; Pl.'s Supp. Br. at 5; R&R at 14-

15. The plaintiff has not proven so large a compensatory interest.[1]

Plaintiff submits that the catalog fee is appropriate because the market has not determined fees for only two of its works. This argument is mistaken. Insufficient proof of an appropriate licensing fee generally means an award based upon such a fee is "speculative and inappropriate." *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 406 (S.D.N.Y. 2002).

Nevertheless, I conclude that the recommended statutory damage award is not clearly erroneous or contrary to law, in large part because the defendants' failure to participate in this action has made it impossible to calculate the plaintiff's loss with more precision. I am unwilling to reward the defendants' default with a reduced statutory damages award.

On the second issue briefed, the plaintiff states that it will forego the magistrate judge's recommendation that I order the forfeiture and sale of any equipment used to infringe the plaintiff's copyrights.

Accordingly, I adopt the recommendations of Judge Pollak except with regard to the proposed order of forfeiture and sale of defendants' equipment. I therefore award the plaintiff statutory damages of $150,000, attorney's fees of $2,886.31, and costs of $595.00. I permanently enjoin defendants from illegally copying, distributing, or performing any Chinese-language audiovisual works in which the plaintiff holds an exclusive license or copyright, and I order the permanent forfeiture and destruction of any infringing copies of such works found in the defendants' possession.

To the extent the plaintiff continues to seek authorization to enter the defendants'

---

[1] Plaintiff's supplemental brief contests Judge Pollak's finding that the plaintiff had proven only two infringements. Plaintiff fails to introduce any new evidence of "hundreds, if not thousands" of alleged infringements, however, and I cannot conclude that Judge Pollak's finding was clearly erroneous or contrary to law.

premises, it is directed to prepare a proposed order and to obtain the Marshal's approval of that order before presenting it to the Court.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
November 17, 2006