**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 31 2007 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ENTRAL GROUP INTERNATIONAL, LLC,                JUDGMENT
                                                05-CV-1911 (JG)
                            Plaintiff,

    -against-

7 DAY CAFÉ & BAR, INC., CHUN HON CHAN,
and YU YIP,

                            Defendants.
------------------------------------------------------------------X

An Order of Honorable John Gleeson, United States District Judge, having been filed on January 22, 2007, denying defendants' motion to vacate the default judgment; dismissing the action as against defendant Yu Yip; directing the Clerk of Court to enter judgment awarding plaintiff statutory damages of $150,000.00, attorney's fees of $2,886.31, and costs of $595.00; ordering that defendants are permanently enjoined from illegally copying, distributing, or performing any Chinese-language audiovisual works in which the plaintiff holds an exclusive license or copyright; ordering that any infringing copies of such works found in the defendants' possession shall be permanently forfeited and destroyed; and to the extent the plaintiff continues to seek authorization to enter the defendant's premises, directing plaintiff to prepare a proposed order and to obtain the Marshal's approval of that order before presenting it to the Court; it is

JUDGMENT
05-CV-1911 (JG)

ORDERED and ADJUDGED that defendants' motion to vacate the default judgment is denied; that the action is dismissed as against defendant Yu Yip; that judgment is hereby entered in favor of plaintiff, Entral Group International, LLC, and against defendants, 7 Day Café & Bar, Inc., and Chun Hon Chan, awarding plaintiff statutory damages of $150,000.00, attorney's fees of $2,886.31, and costs of $595.00; that defendants are permanently enjoined from illegally copying, distributing, or performing any Chinese-language audiovisual works in which the plaintiff holds an exclusive license or copyright; that any infringing copies of such works found in the defendants' possession shall be permanently forfeited and destroyed; and that to the extent plaintiff continues to seek authorization to enter the defendants' premises, plaintiff is directed to prepare a proposed order and to obtain the Marshal's approval of that order before presenting it to the Court.

Dated: Brooklyn, New York
January 31, 2007

s/Robert C. Heinemann
ROBERT C. HEINEMANN
Clerk of Court