```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ENTRAL GROUP INTERNATIONAL, LLC,      :
                                      :
                    Plaintiff,        :
                                      :         ORDER
         - against -                  :
                                      :         05 CV 1911 (JG)
7 DAY CAFÉ & BAR INC., CHUN HON       :
CHAN, and YU YIP,                     :
                                      :
                    Defendants.       :
----------------------------------------------------------------- X
```

JOHN GLEESON, United States District Judge:

On May 17, 2007, defendants 7 Day Café & Bar Inc. and Chun Hon Chan moved pursuant to Fed. R. Civ. P. 60(b) to vacate the default judgment against them,[1] alleging "[f]raud on the Court and [m]isrepresentation." Defendants' Memorandum in Support of Rule 60(b) Motion ("Def. Br.") 1. This is the second motion to vacate I have considered in this case. Previously, the defendants argued they never received notice of this action. After a hearing on January 9, 2007, I denied that motion because I found the defendants did, in fact, have such notice. The defendants now concede this point, but argue that the plaintiff committed fraud in its motion for default judgment by representing to the Court that the defendants had not responded in this action.

Under Rule 60(b)(3), I may vacate a final judgment, order or proceeding on a showing of "fraud . . . misrepresentation, or other misconduct of an adverse party." Rule 60(b) must "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). The moving defendants argue I

---

[1] There is no challenge to my dismissal of this case as against Yu Yip.

should disrupt the final judgment here because the plaintiff obtained that judgment through "[f]raud on the Court and [m]isrepresentation." Def. Br. 1. They claim plaintiff's counsel misled the Court by asserting that (1) the "defendants have not answered or otherwise moved with respect to the complaint" and (2) the "[d]efendants have failed to plead or otherwise defend in this action." *Id.* I conclude there was no fraud, however, because both statements were true. The first statement was true because, as the docket sheet reflects, the defendants had not answered or moved with respect to the complaint as of the time of the motion. The second statement was true because the defendants did fail to answer or appear to defend the action. To be sure, the docket sheet reflects the parties had some settlement discussions early on in the action, but that does not make the challenged statements false. Furthermore, the defendants concede they failed to appear in this action even after receiving actual notice of the motion for a default judgment.[2] Thus, even if fraud had been perpetrated, the defendants still squandered a chance to challenge the plaintiff's application.

The defendants also claim the plaintiff obtained its default judgment through fraud because "Mr. Chai mislead [*sic*] the Court into believing that he has in fact performed some kind of reproducible methodology to come up with the gross revenues," which prevented adequate factual development of 7 Day Café's actual profits. Def. Br. 2, 5. This attempt to relitigate the damages issue to which the court gave considerable attention *sua sponte* has no merit. It is therefore denied.

---

[2] At oral argument, counsel argued that his clients did not receive legally sufficient notice of the default judgment motion because, he said, the motion was served on Chun Hon Chan, not his attorney. Indeed, counsel contended that service of the motion on the defendant himself (as opposed to service on counsel, who had not even filed a notice of appearance in the case) violated the no-contact rule. *See* N.Y. Code of Prof'l Responsibility, DR 7-104 (2002). Counsel offered no authority for that proposition, and no persuasive explanation for why Chun Hon Chan, a sophisticated businessman, ignored the fact that default was being sought.

In sum, the motion for relief from judgment pursuant to Rule 60(b) is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
June 7, 2007